This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**U.S. BANK NATIONAL ASSOCIATION,**
**AS TRUSTEE FOR TBW MORTGAGE-BACKED**
**TRUST SERIES 2007-2, TBW MORTGAGE**
**PASS-THROUGH CERTIFICATES, SERIES 2007-2,**

Plaintiff-Appellee,

v.                                                                      **No. 34,935**

**MARGARET H. MARTINEZ,**

Defendant-Appellant,

and

**MORTGAGE ELECTRONIC REGISTRATION**
**SYSTEMS, INC. (SOLELY AS NOMINEE FOR**
**LENDER AND LENDER'S SUCCESSORS AND**
**ASSIGNS); OCCUPANTS, WHOSE TRUE NAMES**
**ARE UNKNOWN, IF ANY; AND THE UNKNOWN**
**SPOUSE OF MARGARET H. MARTINEZ, IF ANY,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

JRSPC, LLC
Joshua R. Simms
Albuquerque, NM

for Appellant

Johnson Law Firm LC
Thomas L. Johnson
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}     Defendant-Appellant Margaret H. Martinez (Homeowner) appeals from the district court's order denying her motion to reconsider the order approving the special master's report and sale, claiming that the underlying foreclosure judgment was void for lack of standing. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Homeowner filed an untimely memorandum in opposition, followed by a motion asking this Court to allow her to file an amended memorandum in opposition to the proposed summary disposition to correct the names of entities and to accept the amended memorandum in opposition as timely, which this Court granted. Plaintiff-Appellee U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2007-2, TBW Mortgage Pass-Through Certificates, Series 2007-2 (U.S. Bank) filed a timely memorandum in support of our proposed summary disposition and a response opposing Homeowner's motion seeking to file the amended memorandum in opposition. We have duly considered the

2

aforementioned pleadings. For the reasons stated in the notice of proposed disposition and below, we affirm.

{2} In our calendar notice, we noted that Homeowner had filed successive motions challenging U.S. Bank's standing to foreclose in this case and we suggested that successive motions challenging the same issue are disfavored. [CN 2-3] We also proposed to hold that U.S. Bank established that it was in possession of the note, indorsed in blank, prior to filing its complaint, and it had standing to foreclose at the time it filed its complaint. [CN 4-7] Accordingly, we proposed to affirm the district court's order denying Homeowner's motion to reconsider the order approving the special master's report and approving the sale. [CN 8]

{3} Homeowner's amended memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. [*See generally* Am. MIO] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Nevertheless, she maintains that U.S. Bank lacked standing to foreclose. In support of this assertion, she claims that the affidavit submitted by Crystal Kearse, on behalf of U.S. Bank, was deficient because Kearse did not have personal knowledge of all the events alleged in her affidavit and "her allegations [were] hearsay without certified

copies of the records she necessarily needed to refer to for her allegations to be fact." [Am. MIO 2-3; *see also* U.S. Bank's Response to Motion 2-4] These assertions, however, do not appear to be supported by the record. [*See* U.S. Bank's Response to Motion 2-4; 2 RP 528-32] Additionally, without citing any authority to support its argument, Homeowner argues that an indorsement in blank is inferior and seems to suggest that as a bearer instrument, it is unenforceable. [Am. MIO 4-6; *see also* U.S. Bank's Response to Motion 4] *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We are not persuaded by Homeowner's arguments.

{4}      Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{5}      **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**

4